PeaRSON, C. J.
 

 The question is, can the creditors of a non-resident reach a distributive share in the hands of an administrator, which is due to the wife of the debtor, by means of an “ attachment in equity” under the statute, Rev. Code, chap. 7, sec. 20 ?
 

 
 *16
 
 We are of opinion that the case is not embraced by the statute, for this very satisfactory reason: the distributive share, while in the hands of the administrator, does not belong to the husband. It is true, by the
 
 jus
 
 mariti, he may reduce it into possession during the coverture, and if he does so, it belongs to him, or he may assign it, and if the assignee reduces it into possession during the coverture, it will belong to him, but until it is reduced into possession, it belongs to the wife, and if the husband dies before that is done-, either by himself or his assignee, the interest of the wife is absolute. This is settled ;
 
 Arrington
 
 v.
 
 Yarboro,
 
 1 Jones’ Eq.
 
 78,
 
 where the subject is fully entered into and disposed; of.
 

 The fact, that a legacy in the hands of an executor, or a distributive share in the hands of an administrator, which is due to the wife, belongs to her and not to the husband, is the ground of the well-established doctrine, i. e., equity will not interfere, at the instance of a creditor of the husband, in older to subject the fund to the satisfaction of the debt, either by compelling the husband to reduce it into possession or assign it for the benefit of his creditors, and thus enable them to reduce it into possession. If the husband chooses to do so, the courts of equity, in this State, will not interfere to prevent him and require a settlement on the wife. But neither in North Carolina, nor in England, nor any where else, that we are informed of, do courts of equity interfere actively to the prejudice of the -wife, and subject her interest without the consent and co-operation of the husband, to the payment of his debts, because it would be doing injustice to the wife to deprive her of the'chance to have the absolute ownership if she survives, and of the right to have the interest devolve upon her personal representative if she dies first; whereby it would be first applicable to the satisfaction of
 
 her own
 
 creditors, before it passes to the husband and becomes liable to his creditors. In
 
 Allen
 
 v. Allen, 6 Ire. Eq. 293, and
 
 Barns
 
 v. Pearson, Ibid. 482, the general doctrine is assumed, and those cases are made exceptions, on the ground, that where the husband makes an .assignment and an interest vests in the
 
 *17
 
 assignee, the courts are then called on to aid the assignee, in like manner as they would aid the husband, to reduce the interest into possession, whereby the wile ceases to be the owner of the fund.
 

 On the same general principle, it is held, at Law, that a • legacy of the wife cannot be taken, under an attachment, by the creditor of the husband;
 
 Arrington
 
 v.
 
 Screws,
 
 9 Ire. 42.
 

 In short, there is neither authority nor principle to support the position on which the bill is based.
 

 Pee CueiaM, Demurrer sustained.